# EXHIBIT 5

Ethics Opinions

**NASSAU COUNTY BAR ASSOCIATION**
<u>**COMMITTEE ON PROFESSIONAL ETHICS**</u>
<u>Archive of Ethics Opinions</u>
Opinion No.: 1994-2

| | |
|---|---|
| <u>**Topics**</u>: | Distribution of settlement proceeds. |
| <u>**Digest**</u>: | At the client's request, an attorney must distribute funds received in settlement of litigation unless he has been notified of a lien. The fee for legal services must not be increased when more than one attorney has been employed on the matter. |
| <u>**Code Provisions**</u>: | DR 2-107(A)<br>DR 2-107 (B)<br>DR 5-103(B)(1)<br>DR 9-102(C)(1)<br>DR 9-102(C)(4)<br>EC 1-5<br>EC 9-6 |
| <u>**Facts Presented**</u>: | Inquiring counsel introduced a client to his law firm in 1990. The client retained the law firm to represent him in an action against a former employer. The client paid a retainer of $3,000 and later agreed to pay a one-third contingency fee after the retainer had been applied to time spent on the matter. Later, inquiring counsel left the law firm and was permitted to take this and other files for clients he had brought to the law firm.<br><br>Inquiring counsel negotiated a settlement of the employment case and wrote to the law firm to ask whether it had any unpaid expenses for which it sought reimbursement. After a second letter to the law firm, he disbursed the settlement proceeds at the client's urgent insistence. The client objected to deductions for the fee of a local attorney and for the cost of inquiring counsel's travel.<br><br>Shortly after the settlement proceeds were disbursed, inquiring counsel received the law firm's demand for reimbursement of $1,305 in expenses. After notifying the firm that the proceeds had already been disbursed, inquiring counsel received an additional demand from the law firm for one-third of the fee he had received for services in the matter. |
| <u>**Inquiry**</u>: | (1) Who is responsible for expenses of litigation, such as travel expenses of the attorney; the fee for services of local counsel; and disbursements demanded by the former law firm after distribution of the settlement proceeds?<br><br>(2) Must an attorney remit one-third of his fee to the law firm |

that formerly employed him and permitted him to take the matter upon terminating employment with the firm?

**Determination**: (1) The client and not the attorney is liable for litigation expenses. Depending on the attorney's agreement with the client, costs of travel may be either litigation expenses owed by the client or office overhead to be paid by the attorney. Expenses incurred by the client's former law firm are not the responsibility of the attorney if they were not claimed before settlement proceeds were distributed. The fee for another attorney assisting on the matter is not a litigation expense but must be paid from the contingency fee payable for legal services in the matter.

(2) ==Any sharing of the legal fee with a former law firm must be accomplished in compliance with DR 2-107(A) unless it is pursuant to an agreement to share the fees as a result of a separation from employment, pursuant to DR 2-107(B).==

**Analysis**: Inquiring counsel did not act improperly in disbursing settlement proceeds prior to a claim by the former law firm. As required by Paragraph (1) of Disciplinary Rule 9-102(C), he promptly notified the law firm of the receipt of the settlement proceeds in order to determine whether the firm had an interest in the fund. Then when the client insisted on disbursement, he distributed the proceeds promptly, as required by Paragraph (4) of Disciplinary Rule 9-102(C).

Disciplinary Rule 5-103 prohibits acquiring an interest in a client's litigation, but Paragraph (B) (1) expressly permits an attorney to advance costs of litigation on the condition that the client remains ultimately liable. Although the client remains liable for these expenses, inquiring counsel has no ethical responsibility to the former law firm for its claim of expense aside from any potential independent legal obligation, as to which this Committee takes no position. See, e.g., EC 1-5; EC 9-6.

The client is also responsible for litigation expenses incurred by inquiring counsel. Law firms often bill clients for travel expenses, but whether inquiring counsel's travel expenses in this case are costs of litigation is a question of fact which cannot be determined by this Committee.

The fee for a local attorney retained by inquiring counsel cannot be deducted from the settlement proceeds as a litigation expense because the total legal fees would then exceed the amount specified in the contingency fee agreement. (Opinion #90-19). In addition, the total legal fees to prosecute the client's claim

cannot be increased merely because the services of an additional attorney were necessary or convenient for inquiring counsel. Disciplinary Rule 2-107(A)(3).

If the former law firm is to be paid for services, its fee, too, must be taken from the portion of the settlement payable as a contingency fee. The general rule applicable to a division of fees between attorneys other than partners or associates is set forth in DR 2-107, and was addressed by this Committee in Nassau County Opinion #93-36:

"[I]n order for the division of fees agreement to be valid the client must first consent to the employment of the second attorney. Further, where the [payment is] not proportionate to the services performed, the client must be given, in writing, an assumption of joint responsibility for the representation by each attorney."

==Frequently, outgoing and incoming partners or associates in a law firm agree to the amount of proportional share to be received by the former law firm, and such an agreement is expressly exempted from the ambit of DR 2-107(A) by DR 2-107(B).==

[Approved by the Executive Subcommittee on 1/4/94; approved by the Full Committee on 1/26/94]

[Archive of Ethics Opinions](#)

Ethics

**NASSAU COUNTY BAR ASSOCIATION
COMMITTEE ON PROFESSIONAL ETHICS**
Archive of Ethics Opinions
Opinion No.

Log In

| | |
|---|---|
| **Topics**: | Distribution of settlement |
| **Digest**: | At the client's request, an attorney must distribute funds received in settlement of litigation unless he has been notified of a lien. The fee for legal services must not be increased when more than one attorney has been employed on the matter. |
| **Code Provisions**: | DR 2-107(A)<br>DR 2-107 (B)<br>DR 5-103(B)(1)<br>DR 9-102(C)(1)<br>DR 9-102(C)(4)<br>EC 1-5<br>EC 9-6 |
| **Facts Presented**: | Inquiring counsel introduced a client to his law firm in 1990. The client retained the law firm to represent him in an action against a former employer. The client paid a retainer of $3,000 and later agreed to pay a one-third contingency fee after the retainer had been applied to time spent on the matter. Later, inquiring counsel left the law firm and was permitted to take this and other files for clients he had brought to the law firm.<br><br>Inquiring counsel negotiated a settlement of the employment case and wrote to the law firm to ask whether it had any unpaid expenses for which it sought reimbursement. After a second letter to the law firm, he disbursed the settlement proceeds at the client's urgent insistence. The client objected to deductions for the fee of a local attorney and for the cost of inquiring counsel's travel.<br><br>Shortly after the settlement proceeds were disbursed, inquiring counsel received the law firm's demand for reimbursement of $1,305 in expenses. After notifying the firm that the proceeds had already been disbursed, inquiring counsel received an additional demand from the law firm for one-third of the fee he had received for services in the matter. |
| **Inquiry**: | (1) Who is responsible for expenses of litigation, such as travel expenses of the attorney; the fee for services of local counsel; and disbursements demanded by the former law firm after distribution of the settlement proceeds?<br><br>(2) Must an attorney remit one-third of his fee to the law firm that formerly employed him and permitted him to take the matter upon terminating employment with the firm? |
| **Determination**: | (1) The client and not the attorney is liable for litigation expenses. Depending on the attorney's agreement with the client, costs of travel may be either litigation expenses owed by the client or office overhead to be paid by the attorney. Expenses incurred by the client's former law firm are not the responsibility of the attorney if they were not claimed before settlement proceeds were distributed. The fee for another attorney assisting on the matter is not a litigation expense but must be paid from the contingency fee payable for legal services in the matter.<br><br>(2) Any sharing of the legal fee with a former law firm must be accomplished in compliance with DR 2-107(A) unless it is pursuant to an agreement to share the fees as a result of a separation from employment, pursuant to DR 2-107(B). |
| **Analysis**: | Inquiring counsel did not act improperly in disbursing settlement proceeds prior to a claim by the former law firm. As required by Paragraph (1) of Disciplinary Rule 9-102(C), he promptly notified the law firm of the receipt of the settlement proceeds in order to determine whether the firm had an interest in the fund. Then when the client insisted on disbursement, he distributed the proceeds promptly, as required by Paragraph (4) of Disciplinary Rule 9-102(C).<br><br>Disciplinary Rule 5-103 prohibits acquiring an interest in a client's litigation, but Paragraph (B) (1) expressly permits an attorney to advance costs of litigation on the condition that the client remains ultimately liable. Although the client remains |

liable for these expenses, inquiring counsel has no ethical responsibility to the former law firm for its claim of expense aside from any potential independent legal obligation, as to which this Committee takes no position. See, e.g., EC 1-5; EC 9-6.

The client is also responsible for litigation expenses incurred by inquiring counsel. Law firms often bill clients for travel expenses, but whether inquiring counsel's travel expenses in this case are costs of litigation is a question of fact which cannot be determined by this Committee.

The fee for a local attorney retained by inquiring counsel cannot be deducted from the settlement proceeds as a litigation expense because the total legal fees would then exceed the amount specified in the contingency fee agreement. (Opinion #90-19). In addition, the total legal fees to prosecute the client's claim cannot be increased merely because the services of an additional attorney were necessary or convenient for inquiring counsel. Disciplinary Rule 2-107(A)(3).

If the former law firm is to be paid for services, its fee, too, must be taken from the portion of the settlement payable as a contingency fee. The general rule applicable to a division of fees between attorneys other than partners or associates is set forth in DR 2-107, and was addressed by this Committee in Nassau County Opinion #93-36:

"[I]n order for the division of fees agreement to be valid the client must first consent to the employment of the second attorney. Further, where the [payment is] not proportionate to the services performed, the client must be given, in writing, an assumption of joint responsibility for the representation by each attorney."
Frequently, outgoing and incoming partners or associates in a law firm agree to the amount of proportional share to be received by the former law firm, and such an agreement is expressly exempted from the ambit of DR 2-107(A) by DR 2-107(B).

[Approved by the Executive Subcommittee on 1/4/94; approved by the Full Committee on 1/26/94]

**Archive of Ethics Opinions**

15th & West Streets, Mineola, NY 11501   516.747.4070   Fax: 516.747.4147   Contact Webmaster   © 2010   Site Map