UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILY KOMLOSSY,

                Plaintiff,

v.

FARUQI & FARUQI, LLP; NADEEM FARUQI and LUBNA M. FARUQI,

                Defendants.

Case No. 15 Civ. 9316 (KPF) (SN)

Jury Trial Demanded

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .......................................................................................................................... 1

I.     NEW YORK'S LLP STATUTE SHIELDS THE FARUQIS ............................................. 1

II.    PLAINTIFF'S CLAIMS ARE BARRED BY ATTORNEY ETHICS RULES ................. 2

III.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT ................ 3

      A.     New York's Statute Of Frauds Bars Enforcement Of The Agreement .................. 3

      B.     Plaintiff Was Not In Privity With The Faruqis ........................................................ 5

IV.   PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS ........................................................................ 6

V.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT ................... 6

VI.   PLAINTIFF FAILS TO STATE A CLAIM FOR ESTOPPEL ......................................... 7

VII.  PLAINTIFF FAILS TO STATE A CONVERSION CLAIM ........................................... 8

VIII. PLAINTIFF FAILS TO STATE AN ACCOUNTING CLAIM ....................................... 8

IX.   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF NYLL § 193 BECAUSE SHE HAS NOT ALLEGED A "DEDUCTION" FROM HER "WAGES" .... 8

X.    PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES ..................................... 10

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                     **Page(s)**

*Ad Rendon Commc'ns, Inc. v. Lumina Ams., Inc.*,
  No. 04-CV-8832 (KMK), 2007 U.S. Dist. LEXIS 75625 (S.D.N.Y. Oct. 9, 2007) ................10

*Albert v. Loksen*,
  239 F.3d 256 (2d Cir. 2001) .......................................................................................................6

*Aschcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 6-7

*Baguer v. Spanish Broad. Sys.*,
  No. 04-CV-8393 (KMK), 2007 U.S. Dist. LEXIS 70793 (S.D.N.Y. Sept. 20, 2007) ...............7

*Bar-Tur v. Arience Capital Mgmt., L.P.*,
  490 F. App'x 392 (2d Cir. 2012) .............................................................................................10

*Blumenstyk v. Singer*,
  No. 65108/2013, 2014 N.Y. Misc. LEXIS 3621 (N.Y. Sup. Ct. Aug. 4, 2014) ........................5

*Bradkin v. Leverton*,
  257 N.E.2d 643 (N.Y. 1970) ......................................................................................................8

*Cohen v. Lord, Day & Lord*,
  550 N.E.2d 410 (N.Y. 1989) ......................................................................................................2

*In re Cooperman*,
  83 N.Y.2d 465 (1994) ................................................................................................................3

*In re Crude Oil Commodity Litig.*,
  No. 06 Civ. 6677 (NRB), 2007 U.S. Dist. LEXIS 66208 (S.D.N.Y. Sept. 7, 2007) .................3

*Drozd v. Vlaval Constr., Inc.*,
  No. 09 CV 5122 (SJ), 2011 U.S. Dist. LEXIS 156415 (E.D.N.Y. Oct. 18, 2011) ....................5

*E. Hampton Union Free Sch. Dist. v. Sandpebble Bldrs., Inc.*,
  16 N.Y.3d 775 (N.Y. 2011) ........................................................................................................5

*Econn v. Barclays Bank PLC*,
  No. 07 Civ. 2440 (BSJ), 2010 U.S. Dist. LEXIS 143063 (S.D.N.Y. May 10, 2010) ..............10

*ESI, Inc. v. Coastal Corp.*,
  61 F. Supp. 2d 35 (S.D.N.Y. 1999) ...........................................................................................6

*Ferrand v. Credit Lyonnais*,
  No. 02 Civ. 5191 (VM), 2003 U.S. Dist. LEXIS 17202 (S.D.N.Y. Sept. 30, 2003) .................9

*Gerloff v. Hostetter Schneider Realty*,
 No. 12 Civ. 9404 (LGS), 2014 U.S. Dist. LEXIS 37648 (S.D.N.Y. Mar. 20, 2014) ................4

*Gersten-Hillman Agency v. Heyman*,
 892 N.Y.S.2d 209 (App. Div. 2009) .........................................................................................8

*Gold v. Am. Med. Alert Corp.*,
 No. 14 Civ. 5485 (JFK), 2015 U.S. Dist. LEXIS 108122 (S.D.N.Y. Aug. 17, 2015)...............9

*Goldberg v. Jacquet*,
 No. 14 Civ. 1581 (PAC), 2015 U.S. Dist. LEXIS 117860 (S.D.N.Y. Sept. 3, 2015)................9

*Gramercy Advisors, LLC v. Ripley*,
 No. 13-CV-9070 (VEC), 2014 U.S. Dist. LEXIS 159220 (S.D.N.Y. Nov. 12, 2014) ..............7

*Guzman v. Macy's Retail Holdings, Inc.*,
 No. 09 Civ. 4472 (PGG), 2010 U.S. Dist. LEXIS 29544 (S.D.N.Y. Mar. 29, 2010)................8

*Hinterberger v. Catholic Health Sys.*,
 299 F.R.D. 22 (W.D.N.Y. 2014)................................................................................................9

*Hughes v. Standard Chartered Bank PLC*,
 No. 09 Civ. 4595 (PKC), 2010 U.S. Dist. LEXIS 38871 (S.D.N.Y. Apr. 14, 2010).................7

*Impulse Mktg. Grp., Inc. v. Nat'l Small Bus. Alliance, Inc.*,
 No. 05-CV-7776 (KMK), 2007 U.S. Dist. LEXIS 42725 (S.D.N.Y. June 11, 2007) ...............6

*Israel v. Chabra*,
 537 F.3d 86 (2d Cir. 2008)........................................................................................................5

*Kone v. Joy Constr. Corp.*,
 No. 15CV1328-LTS, 2016 U.S. Dist. LEXIS 26981 (S.D.N.Y. Mar. 3, 2016) ........................8

*L.H. v. V.W.*,
 171 Misc. 2d 120 (N.Y. Civ. Ct. 1996)......................................................................................2

*Lamb v. Money Transfer Sys.*,
 No. 12-CV-6584 CJS, 2013 U.S. Dist. LEXIS 132007 (W.D.N.Y. Sept. 13, 2013)................7

*Levion v. Societe Generale*,
 503 F. App'x 62 (2d Cir. 2012) ..............................................................................................10

*LinkCo, Inc. v. Naoyuki Akikusa*,
 367 F. App'x 180 (2d Cir. 2010) ..............................................................................................8

*Lyn v. Inc. Vill. of Hempstead*,
 No. 03-CV-5041 (DRH), 2007 U.S Dist. LEXIS 46957 (E.D.N.Y. June 28, 2007) ................3

*Maldonado v. La Nueva Rampa, Inc.*,
 No. 10 Civ. 8195 (LLS) (JLC), 2012 U.S. Dist. LEXIS 67058 (S.D.N.Y. May 14, 2012) ....... 7

*Marciano v. Crowley*,
 No. 08-CV-305-JTC, 2009 U.S. Dist. LEXIS 89450 (W.D.N.Y. Sept. 28, 2009) ..................... 4

*Martocci v. Greater N.Y. Brewery, Inc.*,
 92 N.E.2d 887 (N.Y. 1950) ......................................................................................................... 4

*Matarazzo Blumberg & Assocs., P.C. v. Abramovitz*,
 749 N.Y.S.2d 62 (App. Div. 2002) ............................................................................................ 3

*MBIA Insurance Corp. v. Royal Bank of Canada*,
 706 F. Supp. 2d 380 (S.D.N.Y. 2009) ....................................................................................... 6

*McMahon v. Evans*,
 169 Misc. 2d 509 (N.Y. Sup. Ct. 1996) .................................................................................... 2

*In re MF Global Holdings Ltd. Inv. Litig.*,
 No. 11 Civ. 7866 (VM), 2014 U.S. Dist. LEXIS 32028 (S.D.N.Y. Mar. 11, 2014) ................. 3

*N.Y.U. v. Cont'l Ins. Co.*,
 662 N.E.2d 763 (N.Y. 1995) .................................................................................................... 10

*O'Grady v. BlueCrest Capital Mgmt. LLP*,
 111 F. Supp. 3d 494 (S.D.N.Y. 2015) .................................................................................... 8-9

*Persh v. Petersen*,
 No. 15 Civ. 1414 (LGS), 2015 U.S. Dist. LEXIS 143835 (S.D.N.Y. Oct. 22, 2015) ............... 8

*Rifkind v. Web IV Music, Inc.*,
 323 N.Y.S.2d 326 (N.Y. Sup. Ct. 1971) .................................................................................... 4

*Rocanova v. Equitable Life Assur. Soc'y*,
 634 N.E.2d 940 (N.Y. 1994) .................................................................................................... 10

*Roni LLC v. Arfa*,
 74 A.D.3d 442 (App. Div. 2010) ............................................................................................... 6

*Ryan v. Kellogg Partners Institutional Services*,
 968 N.E.2d 947 (N.Y. 2012) .................................................................................................. 9-10

*Salazar v. Sacco & Fillas, LLP*,
 980 N.Y.S.2d 484 (App. Div. 2014) ......................................................................................... 2

*Sheresky v. Sheresky Aronson Mayefsky & Sloan, LLP*,
 35 Misc. 3d 1201(A) (N.Y. Sup. Ct. 2011) .............................................................................. 2

*Sikarevich Family L.P. v. Nationwide Mut. Ins. Co.*,
    30 F. Supp. 3d 166 (E.D.N.Y. 2014) ..................................................................................10

*In re Stoltz*,
    315 F.3d 80 (2d Cir. 2002)......................................................................................................2

*Truelove v. Ne. Capital & Advisory, Inc.*,
    738 N.E.2d 770 (N.Y. 2000)............................................................................................ 9-10

*Ungar v. Matarazzo Blumberg & Assocs., P.C.*,
    688 N.Y.S.2d 588 (App. Div. 1999)................................................................................... 2-3

United States v. All Right,
    No. 98 Civ. 2279 (DLC), 2012 U.S. Dist. LEXIS 127835 (S.D.N.Y. Sept. 7, 2012) ...............3

United States v. Fuentes,
    No. 9-cr-00143-RJA-JJM, 2012 U.S. Dist. LEXIS 144043 (W.D.N.Y. Apr. 25, 2012)...........7

*Wilson v. Diocese of N.Y. of the Episcopal Church*,
    No. 96 Civ. 2400 (JGK), 1998 U.S. Dist. LEXIS 2051 (S.D.N.Y. Feb. 23, 1998) ...................6

**Statutes**

N.Y. P'ship Law § 26(b) (Consol. 2015)........................................................................................2

**Other Authorities**

Nassau Cnty. Bar, Op. No. 1994-2 .................................................................................................2

New York Rules of Professional Conduct, Rule 1.5 ..................................................................2, 3

# PRELIMINARY STATEMENT[1]

Putting aside Plaintiff's procedural shenanigans,[2] Plaintiff's substantive arguments fail because she does not adequately address the arguments and authorities in Defendants' MTD. In many instances she does not even bother to try. To confuse issues further, Plaintiff often cites no legal authority for her arguments, and in other instances simply cites the Court's "gut reactions" at a pre-motion conference relating to a different complaint. It is improper for Plaintiff to expect Defendants to divine her arguments and authorities from the ether; and it is improper for Plaintiff to ask the Court to provide Plaintiff's arguments and authorities for her. Plaintiff knows better. She is not proceeding *pro se*. She is represented by experienced counsel who previously worked at Skadden, Arps, Slate, Meagher & Flom. Plaintiff herself is an experienced attorney who has made a career in complex class action litigation. As for the limited substantive arguments Plaintiff does make, these arguments are inapposite as discussed below. Accordingly, Defendants respectfully request that Plaintiff's claims be dismissed with prejudice.

# ARGUMENT

## I. NEW YORK'S LLP STATUTE SHIELDS THE FARUQIS

Plaintiff argues that the New York Partnership Law ("NYPL") does not shield the Faruqis from personal liability because Plaintiff is not seeking "to hold them vicariously liable for the conduct of others" (Opp. at 16). All of Plaintiff's claims, however, are contingent on the

---

[1] All "¶ ___" references herein are to paragraphs in Plaintiff's Amended Complaint ("AC") (ECF No. 14). All emphases are added and all internal citations, quotations and ellipses are omitted unless otherwise noted. Capitalized terms, unless otherwise defined herein, shall have the same meaning as those used in the Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint ("MTD") (ECF No. 18).

[2] Plaintiff's Memoransum [sic] of Law in Opposition to Defendants' Motion To Dismiss (ECF No. 20) ("Opp.") was filed a day late on April 16, 2016. The Opp. lacked a table of contents and a table of authorities as required by the Court's Individual Rule of Practice 4.B. Two days later, Plaintiff then sent a letter to the Court by hand delivery that purported to provide a courtesy copy of Plaintiff's Opp. but which included a table of contents and a table of authorities that were "inadvertently" omitted ("Revised Opp."). Although undisclosed in Plaintiff's letter, Plaintiff's Revised Opp. also corrected numerous incorrect citations and typographical errors. Citations to Plaintiff's opposition brief herein are to the Opp. (ECF No. 20) because that brief is Plaintiff's brief of record.

Firm's liability, and Plaintiff's *de facto* attempt to pierce the corporate veil by naming the Faruqis as defendants merely begs the question. *See* MTD at 4-6.[3] In fact, Plaintiff only argues that the Faruqis are directly "liable to plaintiff for their violation of section 193 of the [NYLL] by virtue of their status as 'employer[s]' not as equity partners." Opp. at 16. "It is a basic principle of statutory construction that a specific statute controls over a general provision." *In re Stoltz*, 315 F.3d 80, 93 (2d Cir. 2002). Nothing in the NYLL's definition of "employer" or § 193 suggests that they override NYPL § 26(b)'s personal liability shield, which expressly protects LLP partners from direct and indirect liability for claims arising "in tort, contract or otherwise[.]" N.Y. P'ship Law § 26(b) (Consol. 2015) (*see* MTD Ex. 3). *See also* MTD at 4-6.

## II. PLAINTIFF'S CLAIMS ARE BARRED BY ATTORNEY ETHICS RULES

New York's attorney Ethics Rules 1.5(g)-(h) bar **all** of Plaintiff's claims. *See* MTD at 1-2, 6-9, Ex. 4. As an initial matter, Plaintiff waived any arguments she may have had by relegating her argument to a single footnote wherein she failed to cite any relevant authorities or address Defendants' authorities.[4] *See* Opp. at 12 n.6. In her footnote, Plaintiff simply declares

---

[3] *See* Opp. at 16 (citing *Fischer v. OBG Cameron Banfill LLP*, No. 08 Civ. 7707 (RJH)(KNF), 2010 U.S. Dist. LEXIS 101261, at *1 (S.D.N.Y. Sept. 24, 2010) (**default judgment** case which makes no mention of the NYPL and concludes that piercing the corporate veil would be inappropriate, *id.* at *4); *Salazar v. Sacco & Fillas, LLP*, 980 N.Y.S.2d 484, 486 (App. Div. 2014) (involving a client's claims against a law firm and two partners for malpractice, *inter alia*, and therefore addressing one of two limited exceptions to § 26(b)'s personal liability shield ***that are not applicable here*** (*see* MTD at 5): actions committed **while rendering *professional* services** on behalf of the LLP)). Defendants cite *Salazar* for the proposition that § 26(b) shields LLP partners from personal liability for claims arising "in tort, contract or otherwise," which is exactly what happened in *Salazar*. MTD at 5. There, the alleged fraud was apparently carried out by one of the partners **in the course of representing a client**. *See Salazar*, 980 N.Y.S.2d at 486-87. The uninvolved partner was shielded by § 26(b) for the fraud claim. *Id.*

[4] Plaintiff states, "***[v]irtually all*** of the cases cited by the defendants involved outside lawyers who performed contract work for a firm with which they did not have an employment or partnership relationship when their alleged right to the money they sought was earned. Those cases are accordingly not relevant here." *See* Opp. at 12 n.6. Notwithstanding the fact that Plaintiff failed to specify which cases constitute "virtually all" of Defendants' authorities, the majority of the cases Defendants cite **do not** involve outside attorneys who perform contract work for firms (*see* MTD at 6-9). *See Sheresky v. Sheresky Aronson Mayefsky & Sloan, LLP*, 35 Misc. 3d 1201(A), 1201A (N.Y. Sup. Ct. 2011) (involving a ***founding partner***); MTD Ex. 5, Nassau Cnty. Bar, Op. No. 1994-2 at 2 (involving a lawyer's division of fees with his former law firm, not an outside attorney who performed contract work for the firm); *see also Cohen v. Lord, Day & Lord*, 550 N.E.2d 410, 410 (N.Y. 1989); *L.H. v. V.W.*, 171 Misc. 2d 120, 123 (N.Y. Civ. Ct. 1996); *McMahon v. Evans*, 169 Misc. 2d 509, 516 (N.Y. Sup. Ct. 1996); *Ungar v. Matarazzo*

that her "entitlement to a fee vested while she was employed by the Firm," so "the ethical rules cited by Defendants do not apply." *Id.* Plaintiff never explains what she means by "vested," or why it matters, particularly given that the Agreement governs the division of "fees **_earned_** by the Firm" (¶12). "Judges"—and litigants—"are not like pigs, hunting for truffles buried in briefs." *In re MF Global Holdings Ltd. Inv. Litig.*, No. 11 Civ. 7866 (VM), 2014 U.S. Dist. LEXIS 32028, at *21 (S.D.N.Y. Mar. 11, 2014). As a result, courts have declined to consider arguments raised in footnotes, cursorily addressed, or argued without citation to authority. *See, e.g.*, *United States v. All Right*, No. 98 Civ. 2279 (DLC), 2012 U.S. Dist. LEXIS 127835, at *10 (S.D.N.Y. Sept. 7, 2012); *Lyn v. Inc. Vill. of Hempstead*, No. 03-CV-5041 (DRH), 2007 U.S Dist. LEXIS 46957, at *52 n.13 (E.D.N.Y. June 28, 2007); *In re Crude Oil Commodity Litig.*, No. 06 Civ. 6677 (NRB), 2007 U.S. Dist. LEXIS 66208, at *9 (S.D.N.Y. Sept. 7, 2007). Moreover, the plain language of Rule 1.5(g)-(h) prohibits the **_act of dividing fees_** with "a lawyer formerly associated" with the Firm when the division is not made "pursuant to a separation or retirement agreement." MTD at 7. *Compare* Rule 1.5(g) ("A lawyer ***shall not divide a fee*** . . . ."), *with* Rule 1.5(a) & (d) ("A lawyer ***shall not make an agreement for*** . . . .") (*see* MTD Ex. 4). Thus, the relevant temporal question is whether Plaintiff was employed at the Firm ***at the time of the_ division_ of fees***, which she was not.[5] *See* ¶¶19, 24.

## III. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

### A. New York's Statute Of Frauds Bars Enforcement Of The Agreement

Plaintiff alleges that the Agreement entitled her to "[20%] of any fees earned by the Firm ***in connection with clients she generated***." ¶12. Plaintiff did not allege any limitations

---

*Blumberg & Assocs., P.C.*, 688 N.Y.S.2d 588, 589-90 (App. Div. 1999); *Matarazzo Blumberg & Assocs., P.C. v. Abramovitz*, 749 N.Y.S.2d 62, 62 (App. Div. 2002); *In re Cooperman*, 83 N.Y.2d 465, 471 (1994).

[5]     Plaintiff states that Defendants cannot argue that the Ethics Rules bar the Agreement because Defendants did not report themselves to the bar. Opp. at 12 n.6. Defendants, however, do not admit Plaintiff's allegations; they "assume[d] *arguendo* that [her] factual allegations [we]re true for the purposes of this motion." MTD at 1.

3

whatsoever on her right to a commission other than generating a client for the Firm and the Firm earning a legal fee from that client. The "deciding factor" in determining whether the Statute of Frauds applies to an agreement is "[t]he endurance of defendant's liability[.]" *Martocci v. Greater N.Y. Brewery, Inc.*, 92 N.E.2d 887, 889 (N.Y. 1950). To determine whether a defendant's liability endures beyond a year, the test is theoretical, not as-applied, and is based on the language of the agreement as alleged. *See id.*; MTD at 10-11.[6] The duration of the Fund's agreement with the Firm is a red herring, as is Plaintiff's claim that she is only seeking to recover fees the Firm earned from the Jefferies Case. Opp. at 13. By its terms, the Agreement cannot be performed within a year because it saddles Defendants with indefinite potential liability to pay Plaintiff commissions on clients she "generated." MTD at 10-14.[7]

Having read the Defendants' MTD, Plaintiff now attempts to evade New York's Statute of Frauds by rewriting the terms of her alleged oral Agreement. Opp. at 11. This she cannot do. "It is axiomatic that the complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Gerloff v. Hostetter Schneider Realty*, No. 12 Civ. 9404 (LGS), 2014 U.S. Dist. LEXIS 37648, at *22 (S.D.N.Y. Mar. 20, 2014). Moreover, her changing story demonstrates why New York adopted a statute of frauds—namely, to prevent frauds in attempts to enforce oral agreements. For that matter, Plaintiff's carefully parsed allegation in ¶23 that the "parties'

---

[6] *See also Marciano v. Crowley*, No. 08-CV-305-JTC, 2009 U.S. Dist. LEXIS 89450, at *12-13 (W.D.N.Y. Sept. 28, 2009) (finding the Statute of Frauds applied to an agreement where nothing in the complaint indicated that the defendants "would not be liable for commissions on future sales of [the products] to [the customer] or any other customer that arose as a result of the efforts of plaintiff[].").

[7] Indeed, the ***only*** case Plaintiff cites on this issue actually suggests that the survival of a defendant's obligation past the termination of the agreement subjects the agreement to the Statute of Frauds. *See* Opp. at 12. In *Rifkind v. Web IV Music, Inc.*, 323 N.Y.S.2d 326, 331 (N.Y. Sup. Ct. 1971), the plaintiff was owed "an override of 1% of the defendant's net sales ***during the term of service***, payable quarterly[,]" pursuant to their oral agreement. *Rifkind*, 323 N.Y.S.2d at 331. At the time the plaintiff left the defendant's employ, "the defendant sold and delivered the records for which the plaintiff was entitled to 1% of such sales." *Id.* at 329. In other words, unlike the fees at issue here, the commission ***had already been earned***. The court found that the agreement did not fall within the Statute of Frauds because the plaintiff's rights were ***not to*** "***survive the termination of the contract between these parties***" (*i.e.*, plaintiff's employment), so the defendant's obligation could have terminated within a year.

agreement ***did not condition*** plaintiff's entitlement to a generation fee on her continued employment at the Firm or on the amount of work she performed, if any, in connection with the client's matter" is telling because Plaintiff is stealthily attempting to turn the absence of a discussion of these "conditions" into an express agreement about them.[8]

### B. Plaintiff Was Not In Privity With The Faruqis

An employee or agent for a disclosed principal will not be personally bound unless there is ***clear and explicit evidence*** of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal. *Israel v. Chabra*, 537 F.3d 86, 97 (2d Cir. 2008); MTD at 15.[9] Plaintiff points to no facts evidencing that the Faruqis intended to be bound by the Agreement in their ***personal*** capacity. *See Drozd v. Vlaval Constr., Inc.*, No. 09 CV 5122 (SJ), 2011 U.S. Dist. LEXIS 156415, at *25 (E.D.N.Y. Oct. 18, 2011) (controlling shareholder who hired plaintiff could not be held personally liable when there was no evidence that controlling shareholder intended to be bound by the terms of employment contract). Given that Lubna was not present at the meeting where the Agreement was reached, ¶¶11-12, and Lubna is not alleged to have been Plaintiff's friend, Plaintiff's persistence in arguing that Lubna intended to be personally bound is patently frivolous. Further, Nadeem's friendship with Plaintiff in no way evidences an intent to be personally bound, and Plaintiff's purported belief regarding these issues

---

[8] Plaintiff's *faux* allegation that she entered a handshake employment agreement with her friend over dinner while simultaneously negotiating detailed terms regarding her departure from the Firm is inherently implausible and inconsistent with common experience.

[9] Plaintiff's insinuation that the Faruqis are not agents of the Firm, and that Firm is an alter-ego of the Faruqis, grossly misinterprets the law. For an entity to be an alter-ego of its controlling shareholders or partners, a plaintiff must allege that the shareholders or partners "exercised complete domination and control over the [entity] and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice[.]" *E. Hampton Union Free Sch. Dist. v. Sandpebble Bldrs., Inc.*, 16 N.Y.3d 775, 776 (N.Y. 2011); *Blumenstyk v. Singer*, No. 65108/2013, 2014 N.Y. Misc. LEXIS 3621, at *26 (N.Y. Sup. Ct. Aug. 4, 2014) (allegations that defendant who was sole shareholder "exercised control" over the entities by "making payments, establishing bank accounts, renewing (or failing to renew) the lease" were insufficient to establish alter-ego liability). The AC fails to allege anything of the kind.

is irrelevant.[10]

### IV. PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

Plaintiff contends that, "the [Agreement] at issue here was '*a term of her employment at the Firm,*' not a free-standing arrangement that extended indefinitely." Opp. at 11. If true, then the Agreement did not exist at the time the Faruqis interfered with it, and Plaintiff's claim fails. *See* MTD at 17. Additionally, *Albert v. Loksen*, 239 F.3d 256, 275 (2d Cir. 2001) merely notes that a claim against a co-employee may lie when the co-employee acted outside the scope of his or her authority or committed an **independent** tortious act against the plaintiff. The AC is bereft of any factual allegations that either of the Faruqis acted outside of their authority or committed an independent tort; and Plaintiff's conclusory arguments to the contrary do not survive Rule 8's pleading requirements. *See Aschcroft v. Iqbal*, 556 U.S. 662 (2009); MTD at 4. Indeed, it is well settled that "friendship alone does not establish a confidential relationship." *Wilson v. Diocese of N.Y. of the Episcopal Church*, No. 96 Civ. 2400 (JGK), 1998 U.S. Dist. LEXIS 2051, at *36 (S.D.N.Y. Feb. 23, 1998); *Roni LLC v. Arfa*, 74 A.D.3d 442, 444 (App. Div. 2010) ("friendship" and "personal connections of that sort alone between parties to business transactions do not establish a fiduciary relationship[.]").

### V. PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

Plaintiff's claim fails for the reasons argued in the MTD. In regard to Defendants' salary

---

[10] Plaintiff's citation to cases where defendants expressed an intent to be bound by a contract only underscores the Faruqis' point. For example, in *MBIA Insurance Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 397 (S.D.N.Y. 2009), the court found that a parent corporation could be held liable for the breach of its subsidiary's contract where the parent corporation showed an intent to be bound by the contract. In *ESI, Inc. v. Coastal Corp.*, 61 F. Supp. 2d 35, 73-74 (S.D.N.Y. 1999), a joint venture was found liable for a contract it did not sign when the contract and several accompanying documents specifically stated that the entity was to be bound by the contract. *See also Impulse Mktg. Grp., Inc. v. Nat'l Small Bus. Alliance, Inc.*, No. 05-CV-7776 (KMK), 2007 U.S. Dist. LEXIS 42725, at *18 (S.D.N.Y. June 11, 2007) ("DCM's statements to Plaintiff that DCM was 'the real party in interest[,] coupled with DCM's three payments to Plaintiff points strongly to the fact that . . . the Parties were in privity.").

argument, failing to cite a single legal authority, Plaintiff simply requests that the Court decide this issue at a later date. Aside from blanket statements, Plaintiff does not set forth a single fact to support her claim that she rendered "services to defendants that were beyond the scope" of her employment duties or that her salary "did not constitute the reasonable value of h[er] services[.]" *Hughes v. Standard Chartered Bank PLC*, No. 09 Civ. 4595 (PKC), 2010 U.S. Dist. LEXIS 38871, at *20-21 (S.D.N.Y. Apr. 14, 2010). Plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8. *Ashcroft*, 556 U.S. at 678.

## VI. PLAINTIFF FAILS TO STATE A CLAIM FOR ESTOPPEL

Plaintiff's estoppel claim fails because she cites no legal authorities. *See Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195 (LLS) (JLC), 2012 U.S. Dist. LEXIS 67058, at *52 n.28 (S.D.N.Y. May 14, 2012).[11] As well, Plaintiff's argument that the AC establishes reliance fails because the AC alleges that the 20% commission was a term of her employment (¶¶12, 13, 16). Applying New York law, courts in this District have found that regardless of an employer's promise "to pay [p]laintiff commissions and benefits[,]" the plaintiff could not plead promissory estoppel because "New York does not recognize promissory estoppel as a valid cause of action in the employment context." *See Baguer v. Spanish Broad. Sys.*, No. 04-CV-8393 (KMK), 2007 U.S. Dist. LEXIS 70793, at *14-15 (S.D.N.Y. Sept. 20, 2007).[12] Thus, for the reasons argued in the MTD and herein Plaintiff's claim fails. *See* MTD at 21-24.

---

[11] *See also United States v. Fuentes*, No. 9-cr-00143-RJA-JJM, 2012 U.S. Dist. LEXIS 144043, at *9-10 (W.D.N.Y. Apr. 25, 2012); *Gramercy Advisors, LLC v. Ripley*, No. 13-CV-9070 (VEC), 2014 U.S. Dist. LEXIS 159220, at *6 (S.D.N.Y. Nov. 12, 2014).

[12] *See also Lamb v. Money Transfer Sys.*, No. 12-CV-6584 CJS, 2013 U.S. Dist. LEXIS 132007, at *53 (W.D.N.Y. Sept. 13, 2013) ("To the extent Plaintiff is claiming that he was injured because he did not receive the salary, bonuses and commissions that he expected to make during the anticipated three years of employment, such reliance on an alleged promise of continued employment would not have been reasonable, since he was an at-will employee.").

7

## VII. PLAINTIFF FAILS TO STATE A CONVERSION CLAIM

Plaintiff's conversion claim fails for the reasons in the MTD and because Plaintiff failed to address Defendants' arguments in her Opposition. *See* MTD at 24-25; *LinkCo, Inc. v. Naoyuki Akikusa*, 367 F. App'x 180, 184 n.2 (2d Cir. 2010); *Guzman v. Macy's Retail Holdings, Inc.*, No. 09 Civ. 4472 (PGG), 2010 U.S. Dist. LEXIS 29544, at *25-26 (S.D.N.Y. Mar. 29, 2010).

## VIII. PLAINTIFF FAILS TO STATE AN ACCOUNTING CLAIM

In the absence of a fiduciary relationship, Plaintiff has no right to an accounting. *Bradkin v. Leverton*, 257 N.E.2d 643, 647 n.4 (N.Y. 1970). Plaintiff makes no effort to describe the nature of the fiduciary relationship that supposedly existed between her and the Defendants other than to cite her friendship with Nadeem and her at-will employment with the Firm. "Friendship does not create a fiduciary relationship[.]" *Persh v. Petersen*, No. 15 Civ. 1414 (LGS), 2015 U.S. Dist. LEXIS 143835, at *12 (S.D.N.Y. Oct. 22, 2015). Nor does Plaintiff's at-will employment. *See* MTD at 25-27. Lastly, that Plaintiff's accounting claim is asserted only with respect to determining the fees earned by the Firm in the Jefferies Case is irrelevant. *See Gersten-Hillman Agency v. Heyman*, 892 N.Y.S.2d 209, 211-12 (App. Div. 2009) (plaintiff seeking a share of specific commissions he shared with defendants not entitled to an accounting).

## IX. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF NYLL § 193 BECAUSE SHE HAS NOT ALLEGED A "DEDUCTION" FROM HER "WAGES"

Courts within this Circuit have routinely rejected claims like Plaintiff's because NYLL § 193 "has nothing to do with failure to pay wages. . . [,] governing instead the specific subject of making ***deductions*** from wages." *Kone v. Joy Constr. Corp.*, No. 15CV1328-LTS, 2016 U.S. Dist. LEXIS 26981, at *14 (S.D.N.Y. Mar. 3, 2016). *See, e.g., O'Grady v. BlueCrest Capital Mgmt. LLP*, 111 F. Supp. 3d 494, 506 (S.D.N.Y. 2015), *aff'd*, No. 15-2240-cv, 2016 U.S. App.

LEXIS 6737 (2d Cir. Apr. 14, 2016); *Goldberg v. Jacquet*, No. 14 Civ. 1581 (PAC), 2015 U.S. Dist. LEXIS 117860, at *5-6 (S.D.N.Y. Sept. 3, 2015).[13]

Plaintiff has not pointed to a single deduction from her wages. *See Gold*, 2015 U.S. Dist. LEXIS 108122, at *5-6 ("Section 193 requires something more: a specific instance of docking the employee's pay. Because Gold only pleads a total withholding, his [§ 193] claim must be dismissed."). Recognizing this fatal flaw, Plaintiff brazenly argues that the reasoning adopted by all of these courts is "spurious." Opp. at 4. To the contrary, these courts are correct both in terms of their statutory interpretation as well as their distinction of the New York Court of Appeals' decision in *Ryan v. Kellogg Partners Institutional Services*, 968 N.E.2d 947, 956 (N.Y. 2012), which merely decided that a guaranteed bonus can, in some circumstances, constitute "wages" within the meaning of the NYLL. *See generally Gold*, 2015 U.S. Dist. LEXIS 108122.

Plaintiff's claim also fails because the NYLL's definition of "wages" "exclud[es] certain forms of 'incentive compensation' that are more in the nature of a profit-sharing arrangement and are both contingent and dependent, **<u>at least in part</u>, on the financial success of the business enterprise**." *Truelove v. Ne. Capital & Advisory, Inc.*, 738 N.E.2d 770, 771-72 (N.Y. 2000). Plaintiff's alleged entitlement to "[20%] of any fees **earned by the Firm** in" the Jefferies Case was predicated on the Firm earning a contingency fee. *See* ¶12. Thus, Plaintiff's incentive compensation was entirely dependent on the **Firm's** success and therefore not "wages."[14] *See, e.g., Bar-Tur v. Arience Capital Mgmt., L.P.*, 490 F. App'x 392, 394 (2d Cir. 2012) (rejecting

---

[13] *See also Gold v. Am. Med. Alert Corp.*, No. 14 Civ. 5485 (JFK), 2015 U.S. Dist. LEXIS 108122, at *6 (S.D.N.Y. Aug. 17, 2015) (collecting cases); *Hinterberger v. Catholic Health Sys.*, 299 F.R.D. 22, 36 (W.D.N.Y. 2014); *Ferrand v. Credit Lyonnais*, No. 02 Civ. 5191 (VM), 2003 U.S. Dist. LEXIS 17202, at *43 (S.D.N.Y. Sept. 30, 2003).

[14] Assuming *arguendo* that Plaintiff's commissions were wages, her claim under NYLL § 193 would still fail because the Statute of Frauds and Ethics Rules bar enforcement of the Commission Agreement. *See* Sections II & III.A, *supra*; *O'Grady*, 111 F. Supp. 3d at 505 ("A plaintiff cannot assert a statutory claim for wages under [§ 193 of] the Labor Law if he has no enforceable contractual right to those wages.").

9

plaintiff's claim for employer's failure to pay management and incentive fees because "[u]nder the plain terms of [her] employment agreement, the disputed compensation was tied to [the defendant employer's] financial success"); *Levion v. Societe Generale*, 503 F. App'x 62, 64 (2d Cir. 2012) (plaintiff's claim that he was "owed a percentage of his group's net profit and loss" did not constitute "wages").[15]

## X. PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES

The nonpayment of a commission does not meet the test for awarding punitive damages. *See N.Y.U. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 770 (N.Y. 1995); *Rocanova v. Equitable Life Assur. Soc'y*, 634 N.E.2d 940, 943-44 (N.Y. 1994). Plaintiff's prayer for punitive damages is dismissible under Rule 12(b)(6). *See Ad Rendon Commc'ns, Inc. v. Lumina Ams., Inc.*, No. 04-CV-8832 (KMK), 2007 U.S. Dist. LEXIS 75625, at *25-26 (S.D.N.Y. Oct. 9, 2007); *Sikarevich Family L.P. v. Nationwide Mut. Ins. Co.*, 30 F. Supp. 3d 166, 169, 174 (E.D.N.Y. 2014).

## CONCLUSION

For the foregoing reasons and those provided in the MTD, Defendants respectfully request that Plaintiff's AC be dismissed with prejudice.

Dated: April 29, 2016

Respectfully submitted,

By: */s/ Richard W. Gonnello*

**FARUQI & FARUQI, LLP**
Richard W. Gonnello
Megan M. Sullivan
Katherine M. Lenahan
685 Third Avenue, 26th Floor

---

[15] In *Ryan*, 968 N.E.2d at 948-49 the plaintiff's "bonus" was not contingent upon the firm's financial success. In fact, the "bonus" was more akin to deferred compensation. *Id.* (plaintiff agreed to accept his compensation for calendar year 2003 split into two parts, consisting of a salary of $175,000 and a guaranteed bonus of $175,000). *Econn v. Barclays Bank PLC*, No. 07 Civ. 2440 (BSJ), 2010 U.S. Dist. LEXIS 143063 (S.D.N.Y. May 10, 2010) was wrongly decided and is inconsistent with the Second Circuit's subsequent decisions in *Bar-Tur* and *Levion*. *Econn* incorrectly states that under *Truelove* compensation constitutes wages if the compensation was predicated on the "employer's overall financial success" when *Truelove* in fact states the contrary. *Compare Econn*, 2010 U.S. Dist. LEXIS 143063, at *12 n.3, *with Truelove*, 738 N.E.2d at 771-72.

New York, NY 10017  
Ph: (212) 983-9330  
Fx: (212) 938-9331  
E-mail: rgonnello@faruqilaw.com  
       msullivan@faruqilaw.com  
       klenahan@faruqilaw.com

*Attorneys for Defendants*